IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF OHIO

Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. Case No. 2:04-cr-88 |
| | ) |
| NURADIN M. ABDI | ) JUDGE ALGENON L. MARBLEY |
| | ) |
| | ) |
| Defendant. | ) |

PLEA AGREEMENT
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)C

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio, and Dana M. Peters, and Robyn Jones Hahnert, Assistant United States Attorneys, and the defendant, Nuradin M. Abdi, and the defendant's counsel, Mahir T. Sherif and Aurora E. Bewicke, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following binding plea agreement and sentencing recommendation and further agree that the ten (10) year sentence of incarceration, as specified herein, is an appropriate disposition of this case. The parties agree to be bound as follows:

1. Defendant Nuradin M. Abdi agrees to enter a plea of guilty to Count One of the Indictment filed herein which charges him with conspiracy to commit an offense against the United States, that is, a violation of Title 18, United States Code, Section 2339A, by providing material support or resources to terrorists, in violation of Title 18, United States Code, Sections 371 and 2339A.

2. The parties agree that the maximum statutory penalty for the offense set forth in Count One of the Indictment is a term of imprisonment of 15 years, a fine of $250,000, a special assessment, and a term of supervised release of 3 years.

3. The parties further agree and stipulate that a specific sentence of ten (10) years incarceration is an appropriate disposition of the case and understand that once the Court accepts this plea agreement, the Court will, under Federal Rule of Criminal Procedure 11(c)(1)(C), be bound to impose a ten (10)-year sentence of incarceration. The parties further understand that if this Court is unwilling to accept the parties' recommendation, either party may withdraw from the provisions of this plea agreement and the case will proceed to trial on the original Indictment.

4. Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00).

5. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal the sentence in this case on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). Defendant also waives the right to bring any collateral attack against his conviction, except as it may relate to the effectiveness of his legal representation or the voluntariness of his plea.

6. If such plea of guilty is entered, and not withdrawn, and the defendant acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio and United States Department of Justice agree not to file additional criminal charges against defendant based on the facts underlying the charges in Count One of the Indictment Further, the United States agrees to dismiss Counts Two, Three, and Four of the Indictment at the time of sentencing herein.

7. By virtue of his guilty plea to Count One of the Indictment and the dismissal of the remaining counts of the Indictment at sentencing, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States.

8. The defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by pleading guilty he gives up his constitutional rights and there will be no further trial in this case.

9. The defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to illegal conduct alleged in the Indictment and Statement of Facts. This assignment shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of the defendant's family. The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of the defendant's family, or to another person or entity who would provide some financial benefit to the defendant, to the defendant's associates,

or to a current or future member of the defendant's family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

10. Should defendant fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this agreement is voidable at the election of the government and of no effect, and he shall be subject to prosecution as if this agreement had never been made.

11. If the defendant fails to fulfill the obligations under this plea agreement, he shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that his statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible.

12. Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

13. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against him and that he is pleading guilty, freely and voluntarily, because he is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

15. <u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Date: 07/31/07

_____
Nuradin M. Abdi
Defendant

16. <u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully

5

explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/31/2007

_____
Mahir T. Sherif
Counsel for Defendant

Date: 7/31/2007

_____
Aurora E. Bewicke
Counsel for Defendant

Gregory G. Lockhart
United States Attorney

By: _____
Dana M. Peters
Assistant United States Attorney
Southern District of Ohio

By: _____
Robyn Jones Hahnert
Assistant United States Attorney
Southern District of Ohio

6